STATE OF NORTH CAROLINA v. THOMAS FLANNIGAN

No. 8512SC289

(Filed 31 December 1985)

**Criminal Law § 88.3— 5-year-old incompetent to testify—cross-examination based on 5-year-old's statements improper**

In a prosecution for taking indecent liberties with a child, defendant's 15-year-old stepdaughter, and incest, the trial court erred in permitting the prosecutor to ask defendant questions concerning his sexual abuse of his 5-year-old daughter and erred in refusing to instruct the jury to disregard the questions, since the court had ruled that the 5-year-old was incompetent to testify, and it was improper for the prosecutor to advise the jury of purported events based on his secondhand understanding of what the child knew and had said.

APPEAL by defendant from *Johnson, E. Lynn, Judge.* Judgment entered 27 September 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 15 October 1985.

Defendant was convicted of taking indecent liberties with a child in violation of G.S. 14-202.1 and incest in violation of G.S. 14-178. The alleged victim in both instances was his 15-year-old stepdaughter, Virginia Annette, and the offenses allegedly occurred in November 1983. During the trial, the State offered to introduce the testimony of defendant's 5-year-old daughter, Tonya, to the effect that he had sexually abused her on various occasions; but after hearing her proffered testimony outside the presence of the jury, the judge ruled that she was not a competent witness and did not permit her to testify. When defendant later took the stand the prosecutor nevertheless put the following questions to him: "You have had your daughter, Tonya, on past occasions, rub your penis, have you not, Mr. Flannigan? You did insert your penis into [Tonya's] vagina, didn't you? You have in the past rubbed your penis between her legs, between Tonya's legs, have you not? Do you know any reason why she would say you have?" Defendant's objection to the last question was sustained, but he was required to answer the other questions, which he did in the negative. After that the State again attempted to have Tonya Flannigan testify, but following another *voir dire* outside the presence of the jury the request was denied. As in the first *voir dire* pertinent parts of her proffered testimony were contradictory and obviously did not support the State's claims concerning her knowledge and competence. Among other things, she showed no clear understanding of the supposed incidents she was questioned about; she could not say why she was in court; and when asked by the court "did anything happen between you and your daddy," and whether he ever put his hands between her legs she responded "no" to both questions. Also, after correctly stating that a lie was something made up, when the court questioned her about telling the social worker that something had happened, she said twice that the earlier statement was a lie. Defendant's motions for a mistrial and that the jury be instructed to disregard the prosecutor's questions about Tonya were denied.

*Attorney General Thornburg, by Assistant Attorney General Edmond W. Caldwell, Jr., for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Leland Q. Towns, for defendant appellant.*

PHILLIPS, Judge.

The prejudicial effect of the prosecutor's questions to defendant about sexually abusing his 5-year-old daughter is too obvious for discussion, and the only question presented in regard thereto is whether the court erred in permitting the questions to be asked and in refusing to instruct the jury to disregard them. That the questions concerned specific acts by defendant collateral to this case was no drawback. A defendant who takes the stand may be asked about collateral misdeeds that tend to show his criminal conduct, intent or motive in the case being tried. Rule 608 and Rule 404(b), N.C. Rules of Evidence. But such questions must have a good faith basis, *State v. Pilkington*, 302 N.C. 505, 276 S.E. 2d 389, *cert. denied*, 454 U.S. 850, 70 L.Ed. 2d 140, 102 S.Ct. 290 (1981), and the only basis for the questions asked defendant was the confused, contradictory and unreliable statement of a 5-year-old child who the court ruled was incompetent to testify. Since the child herself was incapable of informing the jury firsthand of the events that the State claimed she participated in, we do not believe it was proper for the prosecutor to advise the jury of these purported events based on his secondhand understanding of what the child knew and had said. Though done by questions put to a defendant during cross-examination the State may not inform the jury of purported misdeeds by the defendant that firsthand knowledge of its source does not support. The ruling by the court that the child was an incompetent witness to the purported events left no support whatever for the prosecutor's disparaging questions, and the court erred both in permitting the questions and in failing to instruct the jury to disregard them.

The defendant's only other contention, that the court misstated the evidence in charging the jury, is not ruled on since the statement complained of is not likely to be repeated when the case is retried.

New trial.

Judges WEBB and JOHNSON concur.